IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BELINDA P. McANALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause Number. 1:07CV183 HEA |
| | ) | |
| UNITED HEALTH CARE INSURANCE COMPANY | ) ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motions to Dismiss, [Doc. No. 6], for failure to state a claim. Plaintiff has not filed an opposition to the motion. For the reasons set forth below, the Motions are granted.

### **Facts and Background[1]**

Plaintiff's Complaint alleges the following facts: Plaintiff is employed by Advance Health Care, Poplar Bluff, Missouri. Plaintiff was covered by a group health insurance policy that Advance Health Care procured frm Defendant. The insurance policy insured Plaintiff and other employees of Advance Health care against medical expenses.

---

[1] The factual background set forth herein is taken from Plaintiff's Complaint and set out for the purposes of this Motion and Order only. The recitation of facts in no way relieves any party of the necessary proof thereof in later proceedings.

Plaintiff was admitted into the Missouri Southern Healthcare Facility in Dexter, Missouri, on October 22, 2004 for acute appendicitis. An appendectomy was performed that same day. A balance remains due for these medical services owed to the Healthcare Facility. The Facility assigned Plaintiff's account to a collection agency.

The collection agency sued Plaintiff to recover the amount due. Plaintiff claims to have repeatedly requested Defendant to pay the billed charges to no avail. Plaintiff filed suit against Defendant alleging vexatious refusal to pay her unpaid medical bills. Defendant moves to dismiss for failure to state a claim in that it claims this action is preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq*. (ERISA).

## **Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In

other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.

*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

### **Discussion**

ERISA includes a preemption clause that provides: "this subchapter ... shall supersede any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). This clause "is conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). Congress clearly expressed an intent that ERISA's civil enforcement provisions be the exclusive remedy for actions by plan participants and beneficiaries. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 31, 52 (1987); see 29 U.S.C. § 1132(a)(1) (authorizing plan participants and

beneficiaries to bring actions to recover benefits and obtain equitable relief).

A vexatious refusal to pay claim is barred by ERISA to the extent it refers to benefits provided by an employee benefit plan. *In re Life Ins. Co. of N. Am.*, 857 F.2d 1190, 1194-95 (8th Cir.1998); *Vickery v. United Medical Resources, Inc.*, 43 F.3d 1208 (8th Cir.1994) (claim for vexatious refusal to pay preempted by ERISA). Plaintiff seeks recovery from Defendant for its alleged vexatious refusal to pay her medical claims pursuant to her insurance policy which was procured through her employment. These claims against Defendant clearly "relate to" an employee benefit plan and are therefore preempted by ERISA.

## Conclusion

Plaintiff's Complaint fails to state a claim for relief by reason of the fact that her claims are completely preempted by ERISA. Plaintiff's complaint neither mentions nor sets forth a viable claim under ERISA, and as such, it fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendant to dismiss for failure to state a claim [Doc. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Memorandum and Order to file an Amended Complaint in accordance with

the provisions of ERISA. Failure to file said amended complaint will result in dismissal of this action.

Dated this 15th day of February, 2008.

_____
                HENRY EDWARD AUTREY
            UNITED STATES DISTRICT JUDGE